UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HEATHER JEAN BITA DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action |
| | ) | |
| V. | ) | No: _____ |
| | ) | |
| BAYER HEALTHCARE | ) | |
| PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND JURY CLAIM

### THE PARTIES

1.      The plaintiff, Heather Jean Bita Davis, resides at 13 Spring Hill Road, Byfield,

Essex County, Commonwealth of Massachusetts.

2.      The defendant, Bayer HealthCare Pharmaceuticals, Inc., is a duly established

corporation, regularly conducting business within the Commonwealth of Massachusetts, with a

principle place of business at 6 West Belt, Wayne, New Jersey.

### JURISDICTION

3.      **Subject matter jurisdiction:** This Court has subject matter jurisdiction of this

action pursuant to 28 U.S.C. § 1332(a)(1), because plaintiff is a resident of Massachusetts,

whereas defendant and/or its predecessor is incorporated under the laws of the State of

Delaware, and has its principal place of business in the State of New Jersey; and the amount in

controversy exceeds the jurisdictional minimum of this Court.

4. **Personal jurisdiction:** This court has personal jurisdiction over the Defendant

because it and/or its predecessor was engaged in unlawful acts that were directed at and/or

caused injury to persons residing in or located in the District of Massachusetts. In addition, the

Defendant and/or its predecessor have registered to do business within the Commonwealth.

5. **Venue:** Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2),

because a substantial part of the events, including the injury suffered as a result thereof, giving

rise to Plaintiff's claims occurred in this district.


## THE FACTS

6. On or about January 30, 2004, the plaintiff, Heather Jean Bita Davis, underwent a

surgical procedure at Women's' Health Care, PC in Newburyport, MA. During the procedure,

the doctor utilized a Mirena® intrauterine device that was designed and/or sold and/or

manufactured and/or distributed by the defendant and/or its predecessor.

7. Following the procedure, the device embedded itself into her tissue and/or

otherwise malfunctioned, resulting in severe and permanent personal injuries to the plaintiff.

The embedment of the IUD was determined on or about January 8, 2008. This embedment of

the IUD in her uterus resulted in an unsuccessful medical procedure to ultrasonically extract it,

on or about January 9, 2008, and an eventual excision on or about January 11, 2008, in a

2

procedure performed under general anesthesia. The plaintiff has required numerous medical and surgical interventions since that date, all as a result of the defective product and actions of the defendant.

8.      The defendant, and/or its predecessors in interest, was and is a merchant with respect to this product, having for a long period of time been in the business of manufacturing and/or designing and/or distributing and/or selling intrauterine devices (IUDs) such as the one utilized by the Plaintiff.

9.      The defendant, and/or its predecessors in interest, regularly conducts business within the Commonwealth of Massachusetts and/or has other ties with Massachusetts sufficient to establish personal jurisdiction.

10.     The plaintiff's injuries are a result of a defect in the Mirena® IUD, and/or the defective, careless and/or negligent design, manufacture, promotion, mispromotion and distribution and/or failure to warn of unsafe conditions and/or the carelessness and negligence of the defendant, and/or its predecessors in interest.

11.     The defendant, and/or its predecessors in interest, impliedly warranted that the Mirena® IUD would be of merchantable quality and was fit for the ordinary and reasonable purpose contemplated for its use. In fact, the Mirena® IUD was not of merchantable quality and was defective and was not fit for use, which defect could not have been reasonably discovered by the plaintiff or the product user.

12.     The defendant, and/or its predecessors in interest, impliedly warranted that the Mirena® IUD would be fit for the particular purpose intended for its use. In fact, the Mirena®

3

IUD was not fit for the particular purpose and was defective, which defect could not have been

reasonably discovered or anticipated by the plaintiff or the product user.

13.     As a result of the negligence, carelessness and breaches of warranty of the

defendant as described above, the plaintiff has suffered severe and permanent personal

injuries.

14.     All appropriate notice has been given to the defendant of any and all breaches of

warranty.

## CAUSES OF ACTION

(Each Cause of Action Specifically Incorporates by
Reference All of Those Paragraphs Previously Set Forth)

### First Cause of Action

15.     This is an action by the plaintiff, Heather Jean Bita Davis, against the defendant,

Bayer HealthCare Pharmaceuticals, Inc., for negligence resulting in personal injury.

### Second Cause of Action

16.     This is an action by the plaintiff, Heather Jean Bita Davis, against the defendant,

Bayer HealthCare Pharmaceuticals, Inc., for breach of the implied warranty of fitness resulting

in personal injuries.

### Third Cause of Action

17.     This is an action by the plaintiff, Heather Jean Bita Davis, against the defendant,

Bayer HealthCare Pharmaceuticals, Inc., for breach of the implied warranty of merchantability,

resulting in personal injuries.

4

### Fourth Cause of Action

18.      This is an action by the plaintiff, Heather Jean Bita Davis, against the defendant,

Bayer HealthCare Pharmaceuticals, Inc., for fraud and misleading consumers such as the

plaintiff in this action, resulting in personal injuries.

19.      More specifically, according to the FDA, Division of Drug Marketing and

Communications (DDMAC), promotional materials are misleading if they represent or suggest

that a drug is more effective than has been demonstrated by substantial evidence or

substantial clinical experience.

20.      The DDMAC made a determination that the defendant made claims which

"misleadingly overstate the proven efficacy of Mirena," and cited a lack of credible scientific

evidence to make certain claims.  Furthermore, the DDMAC noted that the claims were not only

unsupported by studies, but were actually factually inaccurate.

### DEMANDS FOR RELIEF

**WHEREFORE**, the plaintiff demands judgment as follows:

21.      The plaintiff, Heather Jean Bita Davis, demands judgment against the defendant,

Bayer HealthCare Pharmaceuticals, Inc., as to the First, Second Third and Fourth Causes of

Action, in an amount deemed fair and equitable by this Court and the below-claimed jury.

**AND FOR SUCH OTHER JUDGMENT** as this Honorable Court should find just.

## JURY CLAIM

The plaintiff claims a trial by jury.

Dated: December 29, 2010

PLAINTIFF,

By Her Attorneys,

PARKER WAICHMAN ALONSO, LLP

_____

Michael R. Hugo
BBO # 243890
PARKER WAICHMAN ALONSO, LLP
6 Harbor Park Drive
Port Washington, NY 11050
(516) 466-6500
mhugo@yourlawyer.com

6